7\14\2020

**20cv712 RB-JHR**

Attn: Court Clerk,

I am writing to inform the Court that I have been trying to get copies of this Motion and its content for my own records and the staff at this facility refuse to assist me. There are several issues going on here at Core Civic since the beginning of Covid-19 that it is unconstitutional.

There have been Administrative Orders issued by the Chief Judge William P. Johnson that are effecting many of the inmates liberties and Core Civic has followed suite. The emotional distress and humiliation is high amongst inmates because we cannot practice all of the same precautions that have been mandated by our Governor.

Please consider this as a Notice to put on record in case this facility retaliates or insist on allowing the prisoners constitutional rights to be violated.

Respectfully Submitted,

x [signature]

Steven Montoya #

Cibola County Correctional Facility

CERTIFICATE OF SERVICE

I, Steven Montoya, certify under penalty of perjury that I placed this Notice to put on record in the prison mailbox on July 14 2020. It was sent to the Court Clerk with the Motion for Summary Judgment. Same Address: Pete V. Domenici US Courthouse

x [signature]

UNITED STATES DISTRICT COURT
For the
District of New Mexico

Defendant:
Steven Montoya

vs. USDC No: 1:16CR01103-001WJ

Respondent:
UNITED STATES OF AMERICA

# MOTION FOR SUMMARY JUDGEMENT

**Now comes**, Steven Montoya, as a pro-se defendant in the above referenced matter. Petition stems from the improper administrative process of Dierson Charities Inc.; 2331 Menaul Blvd NE; Albuquerque, New Mexico, 87123 and the US Department of Justice; Federal Bureau of Prisons; South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas, 75051

**As Grounds**, defendant would state as follows:

1. Both listed parties are incorporated to assist the US Department of Justice with release of federal inmates from the Federal Bureau of Prisons.

2. Both listed parties are required by the Department of Justice to adhere to certain rules and procedures pertaining to the release.

3. Both listed parties must comply with regulations to ensure that the releasees constitutional rights remain intact.

4. On April 16, 2020 and February 7, 2020 a CDC report was issued about alleged misconduct by the defendant. (See Attached BP-9; 1025730R1 and its content)

5. In these CDC reports, Mitchell Anderson, RRC Director asks for atotal of 82 days disallowed, 175 days forfeited, and 360 days removal from the RRC.

6. The defendant has hand written a BP-9 and a BP-10 to be compliant with the Bureau of Prisons exhaustion of remedies policy. Core Civic in Milan, New Mexico does not carry the forms required to allow the defendant to exhaust his remedies.

7. Defendant is aware that 41 days per year can be removed, however, that is the maximum allowed for 365 days in custody. In addition there is policy that mandates forfeiture of future good time accrued. It can not be taken for upcoming comming years and/or deducted from good time credit already earned from years prior.

8. There are procedural due process rights that are still protected by the United States Constitution for prisoners.

## CONCLUSION

I have been in pre-trial detention since Mid-March. I have not been provided a DHO hearing in regards to the allegation being made by Mitchell Anderson. I have made attempts to exhaust all my remedies and exercise my rights per the allegation. The federal holding (Core Civic in Milan, New Mexico) should be provided with the necessary grievance forms to ensure that the federal prisoners rights remain intact. You will also see included a grievance form from Core Civic, addressing their failure to provide access to proper forms and grievance resolutions.

There are some medical grievances that I have also filed due to the neglect of the medical staff. I have been treated for a condition that has not been diagnosed per required testing procedures. I am within the age/nationality that makes me more

susceptible to the Covid-19 virus. I cannot practice the same social distancing guidelines. We are enclosed 48 inmates per approximately 188 sq. feet. I cannot avoid contact with other individuals who do not maintain the safe practices being enforced by our Governor. I have contact with staff, medical, and inmates who could be carriers of the virus and that is out of my control.

**Wherefore**, defendant asks that this Court make a ruling to dismiss the allegation by Mitchell Anderson per violation of my procedural due process rights. I also ask that time served be given and my supervision be terminated. I am looking forward to living the life of a productive member of society and feel that per my Due Process violations it is a ruling that is just.

Respectfully Submitted,

[signature]

Steven Montoya # 48604051
Cibola County Correctional Facility
P.O Box 3540
Milan, New Mexico 87021

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty of perjury that I, Steven Montoya placed this Motion for Summary Judgement in the prison mailbox, with proper postage on July 14, 2020. It is addressed as such: The Honorable William P. Johnson, 333 Lomas Blvd NW, Albuquerque New Mexico 87102.

[signature]

Defendant

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 11, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
SOUTH CENTRAL REGIONAL OFFICE

TO : STEVEN M MONTOYA, 48604-051
CIBOLA COUNTY CORRECTIONS
2000 CIBOLA LOOP
MILAN, NM 87021

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1025730-R1 REGIONAL APPEAL
DATE RECEIVED : JUNE 4, 2020
SUBJECT 1 : CONTRACT COMM. CORR. CTR. DISCIPLINE - MAJOR SANCTIONS
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)

REJECT REASON 2: YOU DID NOT SUBMIT PROPER NUMBER OF CONTINUATION PAGES WITH YOUR REQUEST/APPEAL. 2 - WARDEN'S LEVEL; 3 - REGIONAL LEVEL; AND 4 - CENTRAL OFFICE LEVEL. THE NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 3: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE LETTER-SIZE (8.5 X 11) PAPER. TEXT ON ONE SIDE. THE TEXT MUST BE LEGIBLE.

REJECT REASON 4: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE THAN ONE INCIDENT REPORT (INCIDENT NUMBER). YOU MUST FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 5: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : SEPARATE EACH ISSUE ON A SEPARATE FORM, CONTINUATION PAGE CAN ONLY BE 1 SIDED AND 1 PAGE LONG + 2 EXTRA COPIES (3 COPIES TOTAL).FOLLOW INSTRUCTIONS RESUBMIT

Grievance No.:________ 4-5B

# INMATE/RESIDENT GRIEVANCE

| FULL NAME: | Steven Montoya | | |
|---|---|---|---|
| NUMBER: | 48604051 | HOUSING ASSIGNMENT: | 6001A1202L |

INFORMAL RESOLUTION ATTACHED (Not required for an emergency grievance)? ☐ YES ☐ NO

**GRIEVANCE CATEGORY (CIRCLE ONE):**

| | | |
|---|---|---|
| 1. Facility Staff | 8. Dental Services | 15. Housing |
| 2. Access to Legal Materials | 9. Mental Health Services | 16. Laundry |
| 3. Denied Access to Informal Resolution/Grievance Process (circled) | 10. Trust Account | 17. Recreation |
| 4. Reprisal for Using Informal Resolution/Grievance Process | 11. Commissary | 18. Visitation |
| 5. Safety/Security | 12. Food Service | 19. Programs-education, work, religious, etc. |
| 6. Sanitation | 13. Mail | 20. Violations of federal or state regulations, laws, court decisions (i.e. ADA or Constitutional rights) |
| 7. Medical Services | 14. Intake | 21. Other |

**STATE GRIEVANCE:** (Include documentation, witnesses, date of incident, and any other information pertaining to the grievance subject. Attach additional pages if necessary).

[illegible]

**Requested Action:** (Attach additional pages if necessary)

[illegible]

Inmate/Resident's Signature: ____________________ Date Submitted: 5/31/20

Page 1 of 2 03/07

**White Copy:** To Greivence Officer – **Yellow Copy**: To Inmate/ Resident File – **Pink Copy:** To Inmate/Resident



Federal Bureau of Prisons

BP-9

US Department of Justice

1025730-R
1

| Location | Name | Reg# |
|---|---|---|
| Dierson Charities/RRC | Steven Montoya | 48604051 |
| 2331 Menaul Blvd NE | | |
| Albuquerque, NM | Date: | |
| | May 27, 2020 | |

RECEIVED
JUN 04 2020
BUREAU OF PRISONS
LEGAL DEPARTMENT, SORO

Incident: I, Steven Montoya, was still under the F.B.O.P.'s supervision at the above listed RRC.

I have been served with two CDC Packets: IR no: 3358113/Code 12 and 3387045/Code 12. The sanctions imposed are excessive per F.B.O.P.'s own guidelines. Both of these violations occurred in 2020, therefore, only 41 days of Good Conduct Time can be removed. The F.B.O.P. cannot remove prior Good Conduct Time earned or forfeit any possibility of future Good Conduct Time. I ask that this be corrected and only the 41 days Good Conduct Time be imposed. This 191 days given back to the inmate is the only reasonable solution.

(See Additional Sheets Attached 1&2 A,B,C)

Admin. Use Only:

You can see in both (Attachment A and Attachment B) memorandum that it states in-absentia. This meaning that I was not provided Due Process in regards to the allegations.

Factual Basis

A.) US Const. Amend V... no person shall ... be deprived of life, liberty, or property without Due Process of Law. Barron v. Baltimore, 32, US (7 pet) 243 (1833)

B.) A penalty must accord with "the dignity of man," "which is the" basic concept underlying the Eighth Amendment. Trop v. Dulles, supra at 100 (plurality opinion) this means, at least that the punishment not be excessive.

C.) ($765.00) awarded to inmate placed in punitive segregation without opportunity to present evidence at a disciplinary hearing. Kritsky v. McGinnis, 313 F.Supp. 1247, 1250 (N.D.N.Y 1970) see also Mack v. Johnson 430 F.Supp. 1139 (E.D. Pa 1977)

D.) (An inmate has a right to freedom from disciplinary sanctions until proven guilty of a rule violation. An inmate has a constitutional liberty interested in freedom from confinement. Beckham v. Cannon, 516, F.2d 885 (7th Cir. 1975) see also Deane v. Coughlin 439 N.Y S.2d 792 (N.Y. App. Div. 1981) Collins v. Coughlin, 442 N.Y S.2d. 191 (N.Y. App. Div. 1981); Ct. United States ex. rel. Smith v. Robinson, 495 F.Supp. 696 (E.D. Pa. 1980)

CONCLUSION

Thus under existing law, we must decide that the punishment deprived Steven Montoya of procedurally protected liberty and that the F.B.O.P should go on to decide whether or not the procedures provided Steven Montoya with the "process" that is due. Previously earned good time and/or good time not accrued cannot be taken away. At one point we must balance the inmates

 

interest in avoiding loss of good time and the abuse of discretion which denies him Due Process.

We conclude that Mr. Montoya be released immediately per the violation of his constitutionally protected rights. He does have a release address.

4419 4th St. NW Apt. 203
Albuquerque, NM 87107

Thank you in advance for your assistance with this matter. I had to duplicate this BP-9 because, once again, this holding facility does not carry the proper documents (See Grievance Attachment C) to protect my right to redress. Therefore, I ask that the BP-9 be accepted regardless of time table or proper form. Any place of detention who houses Federal inmates should have these forms in order to ensure that constitutional rights remain intact.

Respectfully Submitted,
X [signature]
Steven Montoya #48604051
Cibola County Correctional Facility
P.O Box 3540
Milan, NM 87021

CERTIFICATE OF SERVICE:

I, Steven Montoya, hereby certify under penalty of perjury that I placed this BP-9 (with Attatch A, B, C, pages 1-2) in the prison mailbox on May 27, 2020. It was addressed as such: Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas; 75051.

X [signature]
Inmate #48604051

 ATTACHMENT A



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*

April 8, 2020

MEMORANDUM FOR DAVE DWYER, SECTOR ADMINISTRATOR
RESIDENTIAL REENTRY OFFICE SAN ANTONIO

FROM: D. DeSanto, Discipline Hearing Officer

SUBJECT: CDC Packet IR No. 3387045/**Code 112** for Montoya, Steven, Reg. No. 48604-051
Date of CDC Hearing: 03/19/2020
Facility Code 6ZV

The above mentioned CDC Packet has been certified at this office and is being forwarded to your office for filing of the original report and mailing of the appropriate copy of the decision to the inmate.

Upheld finding of the CDC for code 112 and imposed appropriate sanction(s) commensurate with the act(s) committed. The CDC sanctioned you to serve as punishment and to motivate you towards more self-discipline as well as to deter future misconduct.

Sanction(s):

Disallow 41 Days Good Conduct Time
Forfeit 100 days Good Conduct Time
Recommend removal from RRC 180 days

Date CDC Report Issued to Inmate: 4/16/2020 Time: 9:00 am
Staff Witness Name and Signature: Mitchell Anderson \ M. Anderson
Inmate Signature and Date: in-absentia \ in-absentia

ATTACHMENT B



**U.S. Department of Justice**
Federal Bureau of Prisons
*South Central Regional Office*

*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*

January 28, 2020

MEMORANDUM FOR DAVE DWYER, SECTOR ADMINISTRATOR
RESIDENTIAL REENTRY OFFICE SAN ANTONIO

FROM: S. English, Discipline Hearing Officer

SUBJECT: CDC Packet IR No. 3358113/Code 112 for Montoya, Steven, Reg. No. 48604-051
Date of CDC Hearing: 01/06/2020
Facility Code 6ZV

The above mentioned CDC Packet has been certified at this office and is being forwarded to your office for filing of the original report and mailing of the appropriate copy of the decision to the inmate.

Upheld finding of the CDC for code 112 and imposed appropriate sanction(s) commensurate with the act(s) committed. The CDC sanctioned you to serve as punishment and to motivate you towards more self-discipline as well as to deter future misconduct.

Sanction(s):

Disallow 41 Days Good Conduct Time
Forfeit 75 days Non Vested Good Conduct Time
Remove from RRC 180 days

Date CDC Report Issued to Inmate: 2/7/2020 Time: 2pm
Staff Witness Name and Signature: Mitchell Anderson \ M. Anderson
Inmate Signature and Date: in-absentia \ in-absentia

Grievance No.:__________ 14-5B

# INMATE/RESIDENT GRIEVANCE

| FULL NAME: | | | |
|---|---|---|---|
| NUMBER: | | HOUSING ASSIGNMENT: | |

INFORMAL RESOLUTION ATTACHED (Not required for an emergency grievance)? ☐ YES ☐ NO

GRIEVANCE CATEGORY (CIRCLE ONE):

| | | |
|---|---|---|
| 1. Facility Staff | 8. Dental Services | 15. Housing |
| 2. Access to Legal Materials | 9. Mental Health Services | 16. Laundry |
| 3. Denied Access to Informal Resolution/Grievance Process | 10. Trust Account | 17. Recreation |
| 4. Reprisal for Using Informal Resolution/Grievance Process | 11. Commissary | 18. Visitation |
| 5. Safety/Security | 12. Food Service | 19. Programs-education, work, religious, etc. |
| 6. Sanitation | 13. Mail | 20. Violations of federal or state regulations, laws, court decisions (i.e. ADA or Constitutional rights) |
| 7. Medical Services | 14. Intake | 21. Other |

**STATE GRIEVANCE:** (Include documentation, witnesses, date of incident, and any other information pertaining to the grievance subject. Attach additional pages if necessary).

**Requested Action:** (Attach additional pages if necessary)

Inmate/Resident's Signature: ______________________ Date Submitted: __________

 03/07

**White Copy:** To Greivence Officer – **Yellow Copy**: To Inmate/ Resident File – **Pink Copy:** To Inmate/Resident



BP 10

US Department of Justice

| Location: | Name | Reg # |
|---|---|---|
| Dismas Charities RRC | Steven Montoya | 48604051 |
| 2331 Menaul Blvd NE | | |
| Albuquerque, NM | Date: June 3, 2020 | |

incident: I submitted a BP-9 on May 27, 2020 to the Residential Re-entry office (See enclosed copy of BP-9, +2 pages, Attatchment A, B, C) In that BP-9 there are numerous case law cited and there should be no reason to not be in compliance with inmates request, however, reason is given.

The need to establish comprehensive administrative remedies from prisoner complaint is of critical importance. The Prison Litigation Reform Act, makes it imperative for a prison system to have a comprehensive -grievance- procedure to implement the protections offered through the exhaustion (See additional Attatchments pg 1+2, plus BP-9 + attatchments)

Admin. Use Only:

of-remedies doctrine. This is the most effective way to resolve prisoner complaints within the prison environment and costly litigation.

Factual Basis

A.) A prisoner who was locked up in a Halfway House 16-24 hours a day could leave only for limited purposes was a "prisoner" under the PLRA because his confinement was due to a violation.

B.) Fully, a Sixth of the 117,000 cases of the civil docket of Federal courts (19'000) are petitions from prisoners, most of which could be handled effectively and fairly within the prison systems.... Federal Judges should not be dealing with prisoners complaints, which, although important to a prisoner, are so minor that any well run institution should be able to resolve them fairly without resorting to Federal Judges.

C.) A prison officials serious threats (rights to redress of grievances) of substantial retaliation against a prisoner for lodging a good faith grievance makes any grievance unavailable. There's no exhaustion requirement under PLRA where: (1) the threat actually did deter a prisoner from lodging a grievance or pursuing a particular part of process; and (2) the threat is one that would deter a reasonable prisoner of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the prisoner failed to exhaust. Threats from prison officials and <u>withholding of grievance forms</u> rendered exhaustion inapplicable.

D.) A lack of physical injury does not prevent a prisoner from seeking nominal damages.

CONCLUSION

The PLRA requires prisoners to exhaust available prison grievance procedures before filing suit, unless certain conditions are met. I have met all those conditions, therefore, I will not file a BP-11 after this, but will seek damages for violation of my constitutional rights to Procedural Due Process. The immediate release solution is still available for 7 days before suit is filed and/or other remedies sought. (dismissal of sanctions)

Respectfully Submitted,
X [signature]

Steven Montoya #48604051
Cibola County Correctional Facility
P.O Box 3540
Milan, NM 87021

CERTIFICATE OF SERVICE:

I, Steven Montoya, hereby certify under penalty of perjury that I placed this BP-10 (plus copy of prior BP-9 and 5 attachments) in the prison mailbox on June 3, 2020. It was addressed as such: Dave Dwyer, Sector Administrator, Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas 75051.

X [signature]
Inmate #48604051

2006185

14-5A

**Dates and times of contact with staff members concerning the inmate/resident's issue:**

**Additional information received from meetings with staff members:**

**STAFF RESPONSE:**

This complaint concerns issues with your former facility and with the BOP. Your paperwork was returned to you as soon as it came back from the BOP. Your other issues need to be addressed by you, in writing, to the BOP. They have nothing to do with this facility. Your Unit Manager has advised you of this verbally, after contacting them for you. This Informal Resolution is rejected because the issues do not concern this facility.

**Tentative completion date if remedy suggested:** N/A

**Completion of Informal Resolution Process:**

**By signing below, the inmate/resident verifies agreement with the remedy suggested above. If the inmate/resident is not satisfied with the remedy suggested above, the inmate/resident is not required to sign below and may choose to file a formal grievance with the Facility Grievance Officer. In either case, the inmate/resident will receive a copy of this form on the day the final resolution process is completed.**

Inmate Signature: VOID Date:

Designated Staff Signature: [signature] Date 07/01/2020

*Witness Signature: Date:

***In the event the inmate/resident refuses to sign this form, a witness signature must be obtained to verify that the inmate/resident was offered the opportunity for informal resolution.**

**Informal Resolution Outcome:** ☐ **RESOLVED** ☐ **UNRESOLVED**

Distribution:
Original: Facility
Copy: Inmate/Resident

VOID

14-5A p1

2006185

# INFORMAL RESOLUTION

**To be completed by inmate/resident:**

Date: 6-18-20

Name (Print): Montoya STEVEN M
Last Name First Name Middle Initial

Number: 48604-051 HOUSING ASSIGNMENT: 600 A 202.

Description of issue, problem, and solution you suggest:

I'VE BEEN TRYIN TO GET INFORMATION FROM CASE WORKER ABOUT RELEASE INFORMATION AND ALSO STATUSE ON APPEAL PAPERS I FILED AND SENT OFF. BP-9. ON MAY 28th, AND BP. 10 ON JUN 3. THIS IS ON MISCONDUCT ON MY DUE PROCESS AND FOR NOT RECIEVING SANCTIONS OR HAVING DHO HEARING WHICH VIOLATES MY RIGHTS. I HAD 20 DAYS TO APPEAL WHICH I HADNT EVEN RECIEVED UNTIL I INQUIRED 2 MONTHS AFTER BE INCARCERATED. ADDITIONAL PAGE

**Attach additional pages, if necessary.**

**FOR STAFF USE ONLY:**

Date received from inmate/resident: 6-18-2020

Name of staff member completing informal resolution process: ~~D. Phelps~~ B. Jones

Date response due to inmate/resident: 7-03-2020

Date and time initial meeting held with the inmate/resident: ______

**Additional information received from initial meeting:**

**Names of staff members involved with the inmate/resident's issue:**

Distribution:
Original: Facility
Copy: Inmate/Resident

RECEIVED
JUN 18 2020
Grievance Coord...

01/09



14-5A p1

# INFORMAL RESOLUTION

**To be completed by inmate/resident:**

Date:____________________

Name (Print): __________________________________________________

Last Name First Name Middle Initial

Number:______________ HOUSING ASSIGNMENT:________________________

Description of issue, problem, and solution you suggest:

Attach additional pages, if necessary.

**FOR STAFF USE ONLY:**

Date received from inmate/resident:______________

Name of staff member completing informal resolution process:______________

Date response due to inmate/resident:____________

Date and time initial meeting held with the inmate/resident:______________________

**Additional information received from initial meeting:**

**Names of staff members involved with the inmate/resident's issue:**

RECEIVED

Distribution:
Original: Facility
Copy: Inmate/Resident

6/10/2020 INFORMAL RESOLUTION ATTACHMENT.

2006185

I WAS AND AM STILL BOP CUSTODY WHEN I WAS AT DIERSEN CHARITIES LOCATE 2331 MENAUL BLVD NE ALB NM. THERE IS REMEDIE PROCESS WHEN APPEALING INFRACTIONS WHILE IN BOP CUSTODY WHICH I REQUESTED FORMS FROM CASE WORKER AND WAS DENIED TO ME BECAUSE "STATED THE FACILITY ISNT BOP FACILITY", SO I GRIVEANCED FOR PAPER TRAIL ON FILE AND SO WENT FORTH TO FILE BP-9 AND BP-10 WHICH IVE YET TO GET REPLY. I WOULD LIKE FOR CASE WORKER OR RESPECTED PERSONEL OF FACILITY TO FOLLOW UP AND CONTACT B.O.P SAN-ANTONIO OFFICE 210-472-6225 FOR INFORMATION REGARDING MY MIS HANDLING BY HALF WAY HOUSE. ALSO TO GET IN CONTACT WITH DAVE DWYER, SECTER ADMINISTRATOR. 344 MARINE FORCES DR. GRAND PRAIRIE, TEXAS 75051, TO SEE STATUSE ON BP-9 THAT I FILED AND MAILED MAY 28th 2020, AND BP-10 THAT I FILED AND MAILED THE 3RD OF JUNE 2020, IN REGARDS TO MISHANDLING BY DIERSEN CHARITIES NOT BEING PRESENT FOR DHO HEARING ON MY INCIDENT REPORT AND NOT RECIEVING SANCTIONS IN TIMLEY MANNER SO THAT I MAY APPEAL. AND THE GOOD TIME THEY ARE TAKING. I WAS GIVEN A HALF WAY HOUSE RELEASE DATE OF MAY 27th 2020 THAT PASSED AND WAS NOT RELEASED DUE TO OUTBREAK, SO AM NOW WUNDERING IF IM SUPPOSE TO BE GIVEN NEW DATE? OR WHAT STATUSE IS ON THAT. WOULD

RECEIVED
JUN 18 2020
Grievance Coordinator

2006185

ALSO LIKE TO GET IN TOUCH WITH BEN ARAGONE WHO IS RE-ENTRY COORDINATER FOR U.S. PROBATION AND PAROLE. HE HANDLES ASSIGNING PAROLE OFFICER AND RESIDENTCY INSPECTION UPON RELEASE TO PROBATION I WOULD IMAGINE HE WOULD HAVE INFORMATION ON MATTER CONSIDERING I WAS SUPPOSE TO BE RELESED RECENTLY. WOULD APPRECIATE MATTER TO BE HANDLED CORRECTLY, I'VE BEEN REQUESTING HELP FROM PHELPS AND OTHER CASE WORKERS ALSO EXHAUSTED ABOUT GOING ABOUT ALL ABOVE ISSUES AND HAVENT CAME TO SOLUTION OR RECIEVED ANSWERS?, FILED GRIVIENCES MADE PAPER TRAILS. AND HAVE BEEN SPUN IN CIRCLES BY JUST ABOUT EVERYONE! WHO HAS ANSWERS? MARSHALS, BOP, HALFWAY HOUSE? ALL IM ASKING IS FOR SOME TIME TO BE TAKING TO CONTACT RIGHT PERSONEL TO FIGURE OUT WHAT MY STATUSE IS AND WHY I HAVENT RECIEVED ANSWERS FROM MY COMPLAINTS? AND WHY I WAS GIVEN HALF WAY HOUSE DATE FOR 27TH OF MAY 2020 AND HAVE NOT BEEN TOLD ANYTHING ELSE?

RESPECTFULLY, STEVEN MONTOYA 48604-051
600 A-202

RECEIVED
JUN 18 2020
Grievance Coordinator




# Cibola County Correctional Center COVID19 Newsletter

Hello to all,

The newsletter has not been issued for the last couple weeks. I wanted to take this opportunity to update you COVID19 changes and the status of the facility regarding COVID19. We are happy to report our facility is still has a low rate of COVID19 cases. Our success continues to be because of the precautionary efforts all of us are taking to prevent exposure.

Unfortunately, there have been some positive cases with detainees and staff. The status through the month of June is 3 employees and 3 detainees who have tested positive. Each of the detainees were housed in the 14 day quarantine pods and never came in contact with any general population detainees.

If we learn that a detainee has potentially came in contact with someone who was positive we take the same precautions. We separate them in isolation, test them and wait for results to proceed. Recently, 700 A&C were on quarantine status as a precautionary measure. A detainee potentially came in contact with someone positive. They were removed and tested. When this happened the housing unit remains on pod restriction until results are returned. The results were negative so the pods went back to normal.

Additionally, when staff test positive we do contact tracing. Which means we investigate to see who they made direct contact with and take the appropriate measures. If you have not been contacted during a contact tracing investigation, that means you haven't had direct contact with anyone we've identified as positive.

We will continue to update you with information as it becomes available. We appreciate your cooperation and assistance in helping us to prevent the spread and exposure to COVID19

Asst. Warden J. Jackson

July 7, 2020

J. Jackson


Steven Montoya/#48604051
Cibola County Correctional Facility
P.O Box 3540
Milan, New Mexico
87021
LEGAL MAIL
The Honorable William P. Johnson
333 Lomas Blvd. NW
Albuquerque, New Mexico
87102