## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVEN MONTOYA,

    Plaintiff,

v.                                              No. 20-cv-712 RB-JHR

CIBOLA COUNTY CORRECTIONAL FACILITY,

    Defendant.

### **ORDER OF DISMISSAL**

    This matter is before the Court following Plaintiff Steven Montoya's failure to prosecute this federal action. Mr. Montoya is incarcerated and proceeding *pro se*. His opening pleading consists of a handwritten "Motion for Summary Judgment." (Doc. 1.) The filing appears to allege prison officials miscalculated his sentence and neglected his medical needs. The Clerk's Office used the Motion to open the above-captioned civil case, as Mr. Montoya has no other pending cases. By an Order entered July 22, 2020, the Court directed Mr. Montoya to refile his claims on the proper form and clarify whether he seeks habeas relief or money damages. (Doc. 3.) The Court explained the difference between habeas actions and 42 U.S.C. § 1983 civil rights claims and mailed Mr. Montoya both forms so that he could return the appropriate pleading. The Court also directed him to either prepay the filing fee ($400 for § 1983 claims or $5 for habeas claims) or, alternatively, file a motion to proceed *in forma pauperis*.

    The cure deadline was August 21, 2020. The Order warned that the failure to "timely file an amended pleading using the proper form <u>and</u> address the filing fee, by either submitting the correct payment or filing a properly supported *in forma pauperis* motion," would result in dismissal "without further notice." (Doc. 3 at 1.) Mr. Montoya did not comply with either directive

or respond to the Order. Accordingly, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court Orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the . . . court's orders."). If Mr. Montoya still wishes to pursue his claims, he must file a new case using the proper form pleading and address the filing fee.

**IT IS ORDERED** that Plaintiff Steven Montoya's Motion for Summary Judgment (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE